Filed 11/4/20  In re Janelle A. CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| In re JANELLE A., a Person Coming Under the Juvenile Court Law. | B305439 |
| ANDREA A., | (Los Angeles County Super. Ct. No. 19CCJP08174) |
| Plaintiff and Respondent, | |
| v. | |
| EDWIN A., | |
| Defendant and Appellant, | |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | |
| Real Party in Interest. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Stephen C. Marpet, Judge Pro Tempore.  Dismissed.

Mitchell Keiter, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Edwin A. (Father) challenges a restraining order issued by a juvenile court to the extent it named his daughter, Janelle A., as a protected person. While Father's appeal was pending, the juvenile court struck Janelle from the order. We conclude this rendered the appeal moot and dismiss it.

Father and Andrea E. (Mother) dated on and off for around 10 years, and they separated in 2019. They have one child together, Janelle, who was born in 2014. A juvenile court granted Mother sole legal custody of Janelle in 2017.

In October 2019, Father asked if Janelle could sleep over at his home, and Mother agreed. When Mother arrived at Father's home, she noticed he was sleeping in his car. Janelle went inside the house to use the bathroom while Mother checked on Father. She saw that Father had a balloon in his mouth and a tank of nitrous oxide next to him. Father woke up when Mother tapped on the window, and he looked at her with a blank facial expression, like a zombie.

Father "snapped out of it" and became angry when Mother asked what he was doing. He kicked Mother, chased her inside the house, and hit her on the arm with a closed fist. Father tried to hit Mother a second time, but she stepped back and he missed. Father stopped when he heard Janelle coming out of the bathroom. He took Mother's phone and purse, and he drove away. Mother called the police.

Janelle subsequently told a social worker that Father "drinks a lot of beer" and then acts like a zombie. Janelle said she is scared of Father because he "hits me really hard" when he is mad.

In December 2019, Mother filed a request for a restraining order protecting her and Janelle from Father. In a declaration attached to the request, Mother claimed that before Janelle was born, Father would often push her and punch her in the face with a closed fist, leaving her with a fat lip or black eye. After Janelle was born, Father's abuse was more verbal. However, during an incident in 2016, Father became angry with Mother for not taking out the trash, chased after her, and kicked her while Janelle was nearby. Father again used violence during the October 2019 incident, after which he told Mother she "will pay for calling the cops on him." Father also picked up Janelle without Mother's consent and threatened to never give her back.

Around the same time Mother filed her request, the Los Angeles County Department of Children and Family Services (DCFS) filed a petition asserting Janelle is a person described by Welfare and Institutions Code section 300. The juvenile court considered Mother's request for a restraining order at a combined jurisdiction/disposition hearing. The court sustained DCFS's petition, removed Janelle from Father's custody, and granted Father monitored visits. It also granted Mother's request for a three-year restraining order prohibiting Father from making contact with and harassing her and Janelle, with a carve-out for visits.

Father timely appealed. His sole contention on appeal is that the juvenile court erred by including Janelle as a protected

person under the restraining order.  He does not challenge the portions of the restraining order concerning Mother.

After Father filed his opening brief on appeal, the juvenile court granted Mother's request to remove Janelle as a protected person under the restraining order.[1]  We requested the parties submit supplemental briefs addressing whether Father's appeal is moot in light of this order.  Father concedes that it is.  We agree and dismiss the appeal on that basis.  (See *In re Jessica K.* (2000) 79 Cal.App.4th 1313, 1315 ["When no effective relief can be granted, an appeal is moot and will be dismissed."].)

## DISPOSITION

We dismiss Father's appeal as moot.


                                        BIGELOW, P.J.

We concur:



            STRATTON, J.



            WILEY, J.

---

[1]      On our own motion, we take judicial notice of the court's August 31, 2020 minute order striking Janelle from the restraining order.  (See Evid. Code, § 452, subd. (d); *In re Kayla W.* (2017) 16 Cal.App.5th 409, 415, fn. 6.)